*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
December 10, 2020

v

No. 349675
Saginaw Circuit Court
LC No. 16-042366-FH

JARED JINES,

Defendant-Appellant.

Before: REDFORD, P.J., and RIORDAN and TUKEL, JJ.

PER CURIAM.

Defendant appeals by delayed leave granted[1] the trial court's order sentencing him to a prison term of 30 months to 15 years for second-degree criminal sexual conduct (CSC-II), MCL 750.520c(1)(a) (sexual contact with person under 13 years of age), following the revocation of his probation. Defendant argues that the trial court erred by assessing five points for offense variable (OV) 12. We disagree and affirm.

## I. UNDERLYING FACTS

In January 2016 defendant rubbed clothes covering the butt and vaginal area of a young girl who at that time was less than 13 years old. Defendant also pulled the waistband of the young girl's pants, exposing her underwear. Defendant was charged with two counts of CSC-II as a result. Pursuant to a plea-and-sentence agreement, defendant pleaded *nolo contendere* to Count I

---

[1] *People v Jines*, unpublished order of the Court of Appeals, entered August 13, 2019 (Docket No. 349675). This Court granted leave "with regard to the question of the scoring of offense variable 12 of the sentencing guidelines only." *Id*. Leave was not granted to consider any other issues. *Id*. Our Supreme Court denied defendant's interlocutory application for leave to appeal our order. *People v Jines*, 504 Mich 967 (2019).

and an order of *nolle prosequi* was entered as to Count II. The trial court placed defendant on probation and ordered a one-year delayed sentence.

Defendant violated the terms of his probation multiples times. In April 2017, defendant admitted to violating his probation because he was terminated from his sex offender treatment program due to unexcused absences. The trial court extended defendant's probation to five years, revoked his delayed sentence, and sentenced him to serve one year in prison. In February 2018, defendant admitted to violating his probation by tampering with his SCRAM device.[2] The trial court revoked defendant's probation, sentenced him to a prison term of 30 months to 15 years, and ordered that he be placed on lifetime electronic monitoring. Then, in September 2018, defendant withdrew his February 2018 plea pursuant to a stipulation by the parties. After a two-day hearing the trial court found that defendant violated his probation by tampering with the SCRAM device. The trial court again sentenced defendant to a prison term of 30 months to 15 years. Defendant filed a motion for resentencing, arguing, in relevant part, that the trial court erred by assessing five points for OV 12. The trial court denied defendant's motion. This appeal followed.

## II. ANALYSIS

Waiver occurs when a defendant "affirmatively approve[s]" of an issue before the trial court, only to later argue on appeal that there was error. *People v Jackson*, 313 Mich App 409, 420; 884 NW2d 297 (2015). "Because error requiring reversal cannot be error to which the aggrieved party contributed by plan or negligence," a defendant's approval of a trial court decision waives the right to appeal. *People v Gonzalez*, 256 Mich App 212, 224; 663 NW2d 499 (2003), disapproved in part on other grounds 469 Mich 967 (2003) (citation and quotation marks omitted). When waiver occurs, any error is extinguished "and precludes [a] defendant from raising the issue on appeal." *People v Carter*, 462 Mich 206, 209, 215; 612 NW2d 144 (2000).

Defendant was sentenced multiple times in this case; once for his CSC-II conviction, and three times for his probation violations. At defendant's original sentencing, for his CSC-II conviction, defendant and his attorney each stated that he had reviewed the presentence investigation report. The trial court asked defendant's attorney and the prosecutor if "both of you agree with the guideline scoring," which included five points for OV 12. Defendant's attorney affirmatively responded that he agreed with the guidelines scoring, answering "I do, Your Honor." Defendant's sentencing guidelines score was not addressed at the subsequent sentencing hearings. Thus, defendant waived the issue of whether his sentencing guidelines were properly scored because his attorney affirmatively approved of the sentencing guidelines score. See *Jackson*, 313 Mich App at 420. As such, any error is extinguished and defendant may not raise the issue on appeal. See *Carter*, 462 Mich at 209, 215; *Gonzalez*, 256 Mich App at 224.[3]

---

[2] "SCRAM" stands for "Secure Continuous Remote Alcohol Monitoring," in which a bracelet is attached to an individual's ankle and "measures alcohol through the skin."

[3] Even if this issue had not been waived, we discern no error in the trial court's assessment of five points for OV 12.

## III.  CONCLUSION

For the reasons stated in this opinion defendant's sentence is affirmed.

/s/ James Robert Redford
/s/ Michael J. Riordan
/s/ Jonathan Tukel